## WILLIAM TEAGUE v. THE STATE.

No. 3588.   Decided May 29, 1907.

**1.—Local Option—Former Conviction—Statutes Construed—Store Room.**

In a prosecution under the act of the Twenty-ninth Legislature, page 91 (laws 1905), providing that if any such person shall permit anyone to drink any intoxicating liquor, etc., within such place of business, etc., a conviction for permitting one party to drink would not be a bar to a prosecution of defendant for permitting other persons to drink liquor at the same time, in such place of business as each act of permitting a person to drink liquor in such place of business is a separate offense.

**2.—Same—Charge Refused—Place of Business.**

In a prosecution under the Act of the Twenty-ninth Legislature, page 91 (Laws 1905) which prohibits the drinking of liquor in the place of business of the vendor in local option territory, where the evidence showed that defendant's place of business or storeroom consisted of two different apartments, in one of which liquor was permitted to be drank, one being used as a storeroom and the other for taking orders for the liquor, etc., both rooms are in law defendant's place of business, and a charge confining the offense to the room in which the orders for the liquor were taken was correctly refused.

**3.—Same—Evidence—Method and Character of Business.**

In a prosecution for permitting liquor to be drank in defendant's business place in local option territory it was proper to permit the State to show that defendant's business place was conducted in the same building, a part of which was used for taking orders for the liquor and another for storing it; to show defendant's character of business.

**4.—Same—Agent Employee—Charge Refused.**

Upon a trial for violating the Act of the Twenty-ninth Legislature, page 91 (Laws 1905), for permitting persons to drink liquor in defendant's place of business in local option territory, where there was evidence that the liquor was permitted to be drank by an employee in the absence of defendant, a requested charge that unless defendant knew that his clerk permitted the liquor to be drank in his place of business he could not be convicted, should have been given.

Appeal from the County Court of McCulloch. Tried below before the Hon. C. A. Wright.

Appeal from a conviction for violating the local option law in permitting liquor to be drank on premises; penalty, a fine of $50 and fifty days confinement in the county jail.

. The opinion states the case.

No brief for appellant, on file.

*F. J. McCord,* Assistant Attorney-General, for the State.

HENDERSON, JUDGE.—Appellant was convicted under the Act of the Twenty-Ninth Legislature, page 91, Laws of 1905, which prohibits a person, firm or association of persons, agent or employees of such persons, engaged in the business of storing intoxicating liquors, in a local option territory, from permitting same to be drunk within the place of business of such person, firm or association of persons, their agents or employees.

This is a companion case to the case of Wm. Teague v. State, No. 3590, this day decided. The same exceptions were taken in this case which were taken in that, and we here refer to that case for a discussion of said assignments. In addition to said assignments, appellant insists that his conviction, for permitting Strickland to drink liquor in defendant's place of business, in a former case is a bar to the prosecution of this case, it being one and the same transaction. In our view of the law, we do not believe that where two or more persons are permitted to drink liquor at appellant's place of business, kept for storing intoxicating liquor in a local option territory, even though out of the same bottle, that the conviction of one would be a bar to the prosecution of the other; they are separate and distinct acts of drinking, and the language of the statute seems to make each act of permitting a person to drink liquor in such place of business a separate offense. The language of the statute is, "If any such person shall permit *any one* to drink any intoxicating liquor, etc., within such place of business, such person shall be guilty of a misdemeanor," etc. So that, no matter how many may drink at the same time, the permitting any one to drink would be a separate offense.

Appellant also questions the action of the court with reference to refusing certain requested special charges as to the drinking of the whisky in his place of business. The proof on this point shows that appellant had what was called a "Uno joint" which was located in the town of Brady in a two story rock-house. The rock-house where he was engaged in business is two stories high, and on the east side at the east door there was a stairway that led up the side of the building to a door in the upper story on the same side; this stairway was about five feet wide, and this room was constructed under the stairway and was just the width of the stairway, and stood right by the side of the rock building, and the floor of the room was about

three feet from the ground, and it was about five feet from the floor to the top of the wall. It appears that defendant was in the habit of ordering whisky for customers and storing it in that little room under the stairway. Some times, according to the evidence, his customers would brink the whisky inside the room where he sold Uno, and glasses would be furnished them there, and they would drink it; some times they would drink it out in the little alley near the place of storage. The contention here is that the requested charges should have been given, which, in effect, told the jury that permitting the liquor to be drank in the Uno room and not where he stored it, would not be in his place of business. We take it that both the Uno room, and the storage room were appellant's place of business, and whether he permitted whisky to be drank in one or the other it was in violation of the law, and the requested charges on the subject were not required. A good deal of proof was offered in this case with reference to appellant's mode of doing business; that is, of making orders for whisky, and his storing it in the little room for his customers. We think all this testimony was admissible, because appellant contended that he did not store whisky at his place of business, and it was necessary for the State, in making out its case, to show that that was his place of business, and that he used that building, and the little closet under the stairway for the purpose of storing the whisky for his customers. It was incumbent on the State to show that appellant was engaged in the business of storing liquors, and the nature of his defense made it necessary to show his method of storing same, which was evidently in order to evade the law. The law requires that the offense of permitting the drinking to be done, occur within the place of business, and this proof was necessary in order to show appellant's character of business, how he carried it on, and that while he did not use his Uno joint room for storing liquor, the storing of it in the closet was in effect the storing of it within the building, as the closet was an adjunct to his joint, and a number of instances were shown where liquor was brought from the closet under the stairway immediately outside the building into the Uno room, and there drank. We make these observations more particularly with reference to another trial of this case, as it must be reversed, because of the refusal of the court to give appellant's requested special instruction fully discussed in the case previously referred to; as in our opinion, the proof here, as in that case, required the court to instruct the jury that unless they believed beyond a reasonable doubt that appellant knew that his clerk Babe Huff permitted the liquor in question to be drunk in his place of business, to acquit him.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*